*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ERIC LAMONTEE BECK,

        Defendant-Appellant.

UNPUBLISHED
June 23, 2022

No. 357126
Saginaw Circuit Court
LC No. 13-039031-FC

Before: GLEICHER, C.J., and SAWYER and GARRETT, JJ.

SAWYER, J. (*dissenting*).

I respectfully dissent.

I conclude that the sentence was within the range of reasonable and principled outcomes. The trial court listed defendant's previous convictions not as reasons themselves for the departure, but as objective facts to support the court's concerns over defendant's repeated failures at rehabilitation. The court stated, "The guidelines, as you know, are only advisory in nature, and I don't think they take into consideration his extensive history with weapons offenses." After listing defendant's four previous gun-related convictions, and stating that the acquitted conduct was not considered, the court expressed its concern over defendant's "long history of weapons offenses," including a 1991 murder conviction involving a firearm. Defendant does not contend that the trial court's recitation of his criminal record of gun crimes was inaccurate. The record thus indicates that the trial court resorted to a lengthy departure sentence on the basis of defendant's repeated instances of illegally possessing guns, despite prior judicial interventions, and the dangers resulting from his doing so.

In *People v Horn*, 279 Mich App 31, 44-45; 755 NW2d 212 (2008), this Court stated that "repeated offenses and failures at rehabilitation" may "constitute an acceptable justification for an upward departure." This Court further held that it is permissible to base a departure sentence "on concrete factors that established a firm probability of future offenses, namely, the defendant's past criminal history, [and] his past failures at rehabilitation." *Id.* at 45. The key holding of *Horn* was that "specific characteristics of an offense and an offender that strongly presage future criminal acts may justify an upward departure from the recommended sentencing range if . . . they are not

already adequately contemplated by the guidelines." *Id.* In this case, the trial court properly considered defendant's pattern of convictions of firearms-related offenses, including one that also resulted in a murder conviction, determined that the prison sentences that defendant had served did not provide adequate deterrence and rehabilitation, and recognized that concern as one not adequately considered by the PRV factors.

In sum, the trial court referenced factors mentioned in *People v Steanhouse*, 313 Mich App 1, 46; 880 NW2d 297 (2015), such as the seriousness of the offense, as well as factors not accounted for in the guidelines, such as defendant's poor record of rehabilitating this specific illegal behavior, including the failure of prior criminal penalties to deter him from illegally possessing a gun. The trial court based its departure on consideration of "the nature of the offense and the background of the offender," *People v Milbourn*, 435 Mich 630, 651; 461 NW2d 1 (1990), by opining that defendant's repeated disregard for such consequences of illegal gun possession as violence and incarceration required a stronger deterrent. The trial court thus established by reference to matters of record that its departure was "proportionate to the seriousness of the circumstances surrounding the offense and the offender." *People v Steanhouse*, 500 Mich 453, 474; 902 NW2d 327 (2017).

I therefore would affirm.


/s/ David H. Sawyer